Jack Levy, OSB #933420
jlevy@smithfreed.com
Chin See Ming, OSB #944945
cming@smithfreed.com
SMITH FREED & EBERHARD, P.C.
111 SW 5th Avenue, Suite 4300
Portland, OR  97204
Telephone:  (503) 227-2424

Attorneys for Garnishee Developers Surety
and Indemnity Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KEVIN STRANGE and RACHEL LARSON-STRANGE, individuals, | Case No. _____ |
| Plaintiffs/Garnishor, | GARNISHEE DEVELOPERS SURETY AND INDEMNITY COMPANY'S NOTICE OF REMOVAL |
| v. | |
| BRIDGE CITY CONSTRUCTION, LLC, an Oregon limited liability company, | |
| Defendant/Debtor, | |
| and | |
| JUSTIN CHARLES DAWSON, an individual, | |
| Defendant, | |
| and | |
| DEVELOPERS SURETY AND INDEMNITY COMPANY, a California insurance company, | |
| Garnishee. | |

GARNISHEE DEVELOPERS SURETY AND INDEMNITY COMPANY'S NOTICE OF REMOVAL - Page 1

299144

SMITH FREED EBERHARD P.C.
111 SW 5th Avenue, Suite 4300
Portland, Oregon  97204
P: 503.227.2424
F: 503.227.2535

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that, pursuant to 28 USC §§1441 and 1446, Garnishee Developers Surety and Indemnity Company ("Garnishee") hereby removes this action from the Circuit Court of the State of Oregon for Multnomah County to this Court.  Pursuant to 28 U.S.C. § 1441, Garnishee further states as follows:

1.     Garnishee is a party in a civil action, namely, a Writ of Garnishment filed in the Circuit Court of the State of Oregon, County of Multnomah, in a case entitled *Kevin Strange et al. v. Bridge City Construction, LLC et al.*, Case No. 17CV44525.

2.     This civil action was commenced in state court when Plaintiffs/Garnishors Kevin Strange and Rachel Larson-Strange ("Plaintiffs/Garnishors") purported to serve a Writ of Garnishment on Garnishee or about May 11, 2018.  Pursuant to 28 USC §1446(a), all state court papers served on defendants at the time of removal, consisting of the Writ of Garnishment, is attached as Exhibit 1.

3.     This Removal Notice is timely under 28 USC § 1446(b), in that it is being filed within thirty (30) days of the purported service on the Garnishee of the Writ of Garnishment, which is the initial pleading setting forth the claim for relief upon which the action is based.

4.     The controversy between Plaintiffs/Garnishors and Garnishee is a controversy between citizens of different states.  Plaintiffs/Garnishors are individuals who are, upon information and belief, domiciled in, and thus citizens of, the State of Oregon at the time they purportedly served the Garnishee of the Writ of Garnishment.

5.     Garnishee is, and at all times material has been, an insurance company duly organized under the laws of the State of California, having its principal place of business in Irvine, California.  It is authorized to transact business and has transacted business in the State of

GARNISHEE DEVELOPERS SURETY AND INDEMNITY COMPANY'S NOTICE OF REMOVAL - Page 2

SMITH FREED EBERHARD P.C.
111 SW 5th Avenue, Suite 4300
Portland, Oregon  97204
P: 503.227.2424
F: 503.227.2535

Oregon. Upon information and belief, complete diversity exists between Plaintiffs/Garnishors and Garnishee.

6.      This is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441(b).

7.      Plaintiffs/Garnishors assert in the Writ of Garnishment that they seek $323,702.10 from Garnishee for a judgment entered against Defendant/Debtor Bridge City Construction, LLC, in the above-captioned case.

8.      Based on the amount subject to garnishment specified in the Writ of Garnishment in this action, the value of the rights being litigated exceeds, exclusive of interest and costs, the jurisdictional limit of $75,000 under 28 U.S.C. § 1332(a).

10.      Garnishee is concurrently filing this Notice of Removal with the clerk of the Circuit Court for Multnomah County, Oregon, and providing written notice thereof to Plaintiffs/Garnishors, and to Defendant/Debtor in accordance with 28 U.S.C.§ 1446(d).

Dated: June 1, 2018.

SMITH FREED & EBERHARD P.C.

By:     _s/ Chin See Ming_____
        Jack Levy, OSB #933420
        E-mail: jlevy@smithfreed.com
        Chin See Ming, OSB #944945
        E-mail: cming@smithfreed.com
        Telephone: (503) 227-2424

Attorneys for Garnishee Developers Surety and Indemnity Company

GARNISHEE DEVELOPERS SURETY AND INDEMNITY COMPANY'S NOTICE OF REMOVAL - Page 3                                                      299144

SMITH FREED EBERHARD P.C.
111 SW 5th Avenue, Suite 4300
Portland, Oregon 97204
P: 503.227.2424
F: 503.227.2535

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MULTNOMAH**

KEVIN STRANGE AND RACHEL
LARSON-STRANGE, individuals,

        Claimants,

    vs.

BRIDGE CITY CONSTRUCTION, LLC, an
Oregon limited liability company, and
JUSTIN CHARLES DAWSON, an
individual,

        Respondents.

NO. 17CV44525

ASP FILE NO. 170202

**WRIT OF GARNISHMENT**

**TO:**  **Developers Surety and Indemnity Company,
a subsidiary of Insco Insurance Services, Inc.
C/O Corporation Service Company
1127 Broadway Street NE, Suite 310
Salem, OR  97301**

    You are now a Garnishee.   AS A GARNISHEE, YOU NEED TO KNOW THE FOLLOWING:
    **BRIDGE CITY CONSTRUCTION, LLC,** (who is called the "Debtor") owes money to **KEVIN STRANGE AND RACHEL LARSON-STRANGE** (who is called the "Creditor" or "Creditors").   A judgment was entered against the Debtor for the debt, or the debt otherwise became subject to garnishment, on **January 11, 2018**.  The Debtor's employer identification number or the final four digits of the Debtor's Social Security number, is:    (insert if known).

    The amount subject to garnishment is **$323,702.10.**

    This writ garnishes **all** of the following:
•     Wages that you owe the Debtor at the time this writ is delivered to you, and all wages that the Debtor earns during the 90-day period following the date on which you receive this writ.
•     All property of the Debtor (including money) that is in your possession, control or custody at the time this writ is delivered to you.

WRIT OF GARNISHMENT - 1

1075070

**BARKER·MARTIN, P. S.**
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1    •    All debts that you owe the Debtor at the time this writ is delivered to you, whether or not payment is due on the debt at the time you receive this writ.

2    YOU MUST ANSWER THIS WRIT BY COMPLETING THE ATTACHED GARNISHEE RESPONSE WITHIN THE TIME ALLOWED BY LAW, WHETHER OR NOT YOU HOLD ANY OF THE DEBTOR'S PROPERTY OR OWE ANYTHING TO THE DEBTOR. IF YOU DO NOT TRUTHFULLY ANSWER THIS WRIT, OR YOU DO NOT DELIVER MONEY OR PROPERTY WHEN YOU ARE REQUIRED TO DO SO, YOU WILL BE LIABLE TO THE CREDITOR.

5    If you have questions, you should contact an attorney. Court employees cannot give you legal advice. The Creditor's attorney cannot give you legal advice.

6    A writ of garnishment may be issued only by the court administrator, by the attorney for the Creditor or by a person who is specifically authorized by law to issue garnishments. This writ is issued by (check one):

8    ☐    The court administrator
      ☒    The attorney for the Creditor
9    ☐    Other authorized issuer:
              Name and title _____
10            Statutory authority to issue writ _____

11   This writ is valid only if it has been delivered to you within 60 days after the date of issuance. If the court administrator is issuing this writ, the date of issuance is the date the court administrator signs the writ (see "COURT SEAL" below). If this writ is issued by any other person, the date of issuance is the date on which the issuer signs the certification (see "CERTIFICATION" below).

**WRIT OF GARNISHMENT - 2**

1075070

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1

2

### IMPORTANT ADDRESSES
(See Step 2 of Instructions to Garnishee form)

3

(Court Administrator)
**Multnomah** County Circuit Court
Street address: **1021 SW 4th Avenue**
City: **Portland,** County: **Multnomah**
State: **OR** Zip Code: **97204**

(Debtor **or** ☐ Creditor has no knowledge of
Debtor's address)
Name: **BRIDGE CITY**
**CONSTRUCTION, LLC**
Telephone No. (if known) Unknown
Street address: **7880 SW 74th Ave.**
City: **Portland**
State: **OR** Zip Code: **97223**

4

5

6

7

(Garnishor; check one)

8

☐ Creditor: (Must be filled in if court
administrator issues writ.)
Name _____
Street address _____
City _____
State _____ Zip Code _____

☒ Attorney for Creditor:
Name: **James L. Guse**
Street address: **Barker Martin, P.S.**
**1500 SW First Ave., Suite 980**
City: **Portland**
State: **Oregon**     Zip Code: **97201**
Telephone No.: **(503) 796-9806**
Oregon State Bar No.: **992730**

9

10

11

12

13

☐ Other Authorized issuer of writ:
Name _____
Street address _____
City _____
State _____ Zip Code _____

14

15

16

17

18

19

20

21

22

23

24

25

26

**WRIT OF GARNISHMENT - 3**

1075070

BARKER·MARTIN, P.S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

## CERTIFICATION

(The following certification must be signed by the Creditor if this writ is issued by the court administrator. In all other cases, the following certification must be signed by the person issuing the writ.)

I certify that I have read this writ of garnishment and to the best of my knowledge, information and belief, there is good ground to support issuance of the writ, and the amount indicated as subject to garnishment is lawfully subject to collection by this writ.

Dated this _2nd_ day of May, 2018.

_____
(Signature)
**James L. Guse**, OSB No. 992730
Barker Martin, P.S.
1500 SW First Avenue, Suite 980
Portland, OR 97201
(503) 796-9806
Attorney for Creditor

## COURT SEAL

(To be completed only if this writ is issued by the court administrator. The writ must be stamped by the court administrator. The court administrator has not calculated any amounts on the writ and is not liable for errors made in the writ by the Creditor.)

Issued by the court administrator this _____ day of _____, 2018.

COURT ADMINISTRATOR

By _____

**WRIT OF GARNISHMENT - 4**
1075069

**BARKER·MARTIN, P. S.**
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

Exhibit 1, Page 4 of 21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MULTNOMAH**

KEVIN STRANGE AND RACHEL
LARSON-STRANGE, individuals,

      Claimants,

      vs.

BRIDGE CITY CONSTRUCTION, LLC, an
Oregon limited liability company, and
JUSTIN CHARLES DAWSON, an
individual,

      Respondents.

NO. 17CV44525

ASP FILE NO. 170202

**GARNISHEE RESPONSE FORM**

**DEVELOPERS SURETY AND
INDEMNITY COMPANY**

15     The writ of garnishment was delivered to me on the _____ day of _____, 2018.
16 The following responses are accurate and complete as of that date.

17     **PART I: DEBTOR'S PROPERTY GENERALLY**
18     (ALL GARNISHEES MUST FILL OUT THIS PORTION OF THE RESPONSE)

19 Place a check in front of all the following statements that apply. You may need to check more than
one statement.

20 _____   I have discovered that a voluntary or involuntary bankruptcy petition has been filed by or on
21      behalf of the Debtor after the date shown on the face of the writ as the date on which the
       judgment was entered against the Debtor or after the debt otherwise became subject to
22      garnishment. (You need not complete any other part of this response, but you must sign the
       response and deliver it in the manner specified in Step 2 of the Instructions to Garnishee form.)

23 _____   I do not employ the Debtor, I do not have in my possession, control or custody any personal
24      property of the Debtor, and I do not owe any debts or other obligations to the Debtor.

25 _____   I employ the Debtor. (You must complete Part II of this response.)

26 _____   I have in my possession, control or custody garnishable money that belongs to the Debtor
       (other than wages), or I owe a debt or other obligation to the Debtor (other than wages) that

PLEADING - 1

1075103

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

is due as of the time of this response. I am forwarding this money, or enough of it to satisfy the garnishment, to the Garnishor.

_____ I owe a debt or other obligation to the Debtor (other than wages) that was not due as of the time of this response but will become due within 45 days after the writ was delivered to me. I will forward the money, or enough of it to satisfy the garnishment, to the Garnishor when the debt or other obligation becomes due.

_____ I owe the following debt or other obligation to the Debtor (other than wages) that will not become due within 45 days after the date that the writ was delivered to me. I will not make any payments on the debt or obligation until I receive instructions from the Sheriff or until 30 days have passed from the date on which I deliver this response. (See Instructions to Garnishee form.) _____

_____

_____ I have in my possession, control or custody the following personal property (other than money) that belongs to the Debtor. I will hold all of the property for the Garnishor until I receive instructions from the Sheriff or until 30 days have passed from the date on which I deliver this response. (See Instructions to Garnishee form.) _____

_____

_____ I may owe money to or hold property of the Debtor, but I am not sure what or how much it might be. (You must provide an explanation in the following space and you must deliver an amended response when you find out. You must deliver an amended response even if you find out that you have no property of the Debtor or owe no money to the Debtor.) _____

_____

_____ (FINANCIAL INSTITUTIONS ONLY) We hold one or more accounts for the Debtor, of which is not subject to garnishment under ORS 18.619. We are forwarding all other garnishable amounts, or enough of it to satisfy the garnishment, to the Garnishor.

_____

_____ The writ of garnishment delivered to me, on its face, does not comply with the Oregon laws governing writs of garnishment, or I cannot determine the identity of the Debtor from the information in the writ. (You must provide an explanation in the following space.) _____

_____

_____ I have received an order to withhold income that applies to the income of the Debtor. The order to withhold income has priority over the writ of garnishment, and compliance with the order will reduce or eliminate the money that I would otherwise deliver under the writ. (Provide details, including the name of the agency serving the order to withhold income, the date the order was served on you and the amount to be withheld. If you employ the Debtor, you must still complete Part II of this response.) _____

_____

_____ I have received notice of a challenge to the garnishment. I will deliver to the court administrator all money that I would otherwise deliver to the Garnishor. (See Step 3 of Instructions to Garnishee form.)

PLEADING - 2

1075103

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1  ____  Other (Explain) _____

2  _____

3  ### PART II: DEBTOR'S EMPLOYER
4  (GARNISHEES WHO EMPLOY THE DEBTOR MUST FILL OUT
   THIS PORTION OF THE RESPONSE)

5  Place a check in front of all the following statements that apply.  You may need to check
6  more than one statement.

7  NOTE: THE LAW PROHIBITS DISCHARGE OF THE DEBTOR FROM
8  EMPLOYMENT BY REASON OF GARNISHMENT.

9  ____  I employ the Debtor. The Debtor is paid on a _____ basis (insert "weekly,"
10 "monthly" or other pay period).  Wages will next be payable to the Debtor on the
   _____ day of _____, 20___.  I will complete a Wage Exemption Calculation
11 form for each payment of wages that is made during the 90-day period immediately
12 following the date that the writ of garnishment was delivered to me.  I will also
   complete a Wage Exemption Calculation form for the payday immediately following
   the end of the 90-day period.  I will forward to the Garnishor on each of these
13 occasions those wages calculated to be subject to garnishment, or enough of those
14 wages to satisfy the garnishment.

15 ____  I had already received a writ of garnishment from another Garnishor before this writ
   was delivered to me.  Under Oregon law, the previous writ has priority.  The
16 previous writ will terminate on the _____ day of _____, 20___.

17

18

19

20

21

22

23

24

25

26

PLEADING - 3

1075103

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

Exhibit 1, Page 7 of 21

1          I hereby certify that I have fully and accurately completed this garnishee response.

2    Dated _____, 20___.

3

4    _____
    Name of Garnishee (typed or printed)

5

6    _____
    Signature

7    _____
    Telephone Number

8    _____
    Fax Number (if available)

9

10   _____
    Address

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PLEADING - 4**

1075103

BARKER · MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1

2

3

4

5

6      **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

7      **IN AND FOR THE COUNTY OF MULTNOMAH**

8  KEVIN STRANGE AND RACHEL         NO. 17CV44525
   LARSON-STRANGE, individuals,

9                                    ASP FILE NO. 170202
             Claimants,

10      vs.                          **INSTRUCTIONS TO GARNISHEE**

11 BRIDGE CITY CONSTRUCTION, LLC, an  **DEVELOPERS SURETY AND**
   Oregon limited liability company, and  **INDEMNITY COMPANY**

12 JUSTIN CHARLES DAWSON, an
   individual,

13

14             Respondents.

15          Except as specifically provided in these instructions, <u>you must complete and deliver the
   Garnishee Response within seven calendar days after you receive the writ of garnishment.</u> If the

16 writ does not comply with Oregon law, the writ is not effective to garnish any property of the
   Debtor, but you still must complete and deliver the Garnishee Response. You must complete and

17 deliver the response even though you cannot determine from the writ whether you hold any property
   or owe any debt to the Debtor. If the seventh calendar day is a Saturday, Sunday or legal holiday,

18 you must deliver your response on or before the next following day that is not a Saturday, Sunday or
   legal holiday.

19
            The writ is not effective, and you need not make a Garnishee Response, if:
20

21 •  You do not receive the writ within 60 days after the date of issuance shown on the face of
      the writ.

22
   •  You do not receive an original writ of garnishment or a copy of the writ.
23
            Statutes that may affect your rights and duties under the writ can be found in ORS 18.600 to
24 18.850.

25          NOTE: The Garnishor may be the Creditor, the attorney for the Creditor or some other
   person who is authorized by law to issue the writ of garnishment. See the writ to determine who the

26 Garnishor is.


**INSTRUCTIONS TO GARNISHEE- 1**

1075089

**BARKER·MARTIN, P. S.**
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

Exhibit 1, Page 9 of 21

## STEP 1. FILL OUT THE GARNISHEE RESPONSE.

All garnishees who are required to deliver a garnishee response must fill in Part I of the Garnishee Response. Garnishees who employ the Debtor must also fill in Part II of the response. You should keep a copy of the response for your records.

Completing Part I of the Garnishee Response. If you discover before you deliver your response that a bankruptcy petition has been filed by or on behalf of the Debtor, and the bankruptcy petition was filed after a judgment was entered against the Debtor or after the debt otherwise became subject to garnishment (see the date specified in the writ), you must put a check by the appropriate statement in Part I. If a bankruptcy petition has been filed, you should not make any payments to the Garnishor unless the court orders otherwise. You need not complete any other part of the response, but you still must sign the response and deliver it in the manner described in Step 2 of these instructions.

In all other cases you must list in Part I all money and personal property of the Debtor that is in your possession, control or custody at the time of delivery of the writ. You must also list all debts that you owe to the Debtor, whether or not those debts are currently due (e.g., money loaned to you by the Debtor that is to be repaid at a later time).

If you are the employer of the Debtor at the time the writ is delivered to you, you must put a check by the appropriate statement in Part I. In addition, you must complete Part II of the response.

If you believe that you may hold property of the Debtor or that you owe a debt to the Debtor, but you are not sure, you must put a check by the appropriate statement and provide an explanation. When you find out what property you hold that belongs to the Debtor, or you find out whether you owe money to the Debtor and how much, you must prepare and deliver an amended response. You must do this even if you find out that you have no property of the Debtor or that you do not owe anything to the Debtor.

If you determine that the writ, on its face, does not comply with Oregon laws governing writs of garnishment, or if you are unable to determine the identity of the Debtor from the information in the writ, then the writ is not effective to garnish any property of the Debtor. You must put a check by the appropriate statement in Part I and provide an explanation. You still must complete the response and deliver the response in the manner described in Step 2 of these instructions.

If you have received an order to withhold income that applies to the income of the Debtor and that order has priority over the garnishment, and if compliance with the order will reduce or eliminate the money or property that you would otherwise deliver under the garnishment, you must put a check by the appropriate statement in Part I. You still must fill out the remainder of the response and deliver the response in the manner described in Step 2 of these instructions. If you employ the Debtor, you still must complete Part II of the response.

If you receive notice of a challenge to the garnishment before you send your response, you must complete and deliver your response as otherwise required by these instructions. However, see Step 3 of these instructions regarding payment of money or delivery of property after receipt of notice of a challenge to the garnishment.

If you owe a debt to the Debtor and the Debtor owes a debt to the holder of an underlying lien on your property, you may be able to offset the amount payable to the underlying lienholder. See ORS 18.620. You must note that you have made the offset in Part I of the response (under "Other") and specify the amount that was offset.

Completing Part II of the Garnishee Response (employers only). You must fill in Part II of the response if you employ the Debtor on the date the writ of garnishment is delivered to you, or if you previously employed the Debtor and still owe wages to the Debtor on the date the writ is delivered to you.

Wages affected. Except as provided below, the writ garnishes all wages that you owe to the Debtor for work performed before the date you received the writ, even though the wages will not be paid until a later date. The writ also garnishes all wages that are attributable to services performed during the 90-day period following the date you received the writ, even though you would not pay the Debtor for all or part of those

INSTRUCTIONS TO GARNISHEE- 2

1075089

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

services until after the end of the 90-day period. Wages subject to garnishment under the writ include all amounts paid by you as an employer, whether on an hourly, weekly or monthly basis, and include commission payments and bonuses.

> Example 1: Debtor A is employed by you and is paid a monthly salary on the first day of each month. You receive a writ of garnishment on July 17. The writ garnishes all wages that you owe to Debtor A for work performed on or before July 17. If Debtor A was paid on July 1 for services performed in the month of June, the writ garnishes Debtor A's salary for the period beginning July 1 and ending October 15 (90 days after receipt of the writ).

The writ does not garnish any wages you owe to a Debtor for a specific pay period if:

(a) The writ is delivered to you within two business days before the Debtor's normal payday for the pay period;

(b) When the writ is delivered to you, the Debtor's wages are paid by direct deposit to a financial institution, or you use an independent contractor as payroll administrator for your payroll; and

(c) Before the writ was delivered to you, you issued instructions to the financial institution or the payroll administrator to pay the Debtor for the pay period. If any wages are not garnishable by reason of the issuance of instructions to a financial institution or a payroll administrator as described above, you must so note in the Garnishee Response. Thereafter, you must pay to the Garnishor all wages that are subject to garnishment that are attributable to services performed by the Debtor during the 90-day period following the date you received the writ.

Calculation of wages subject to garnishment. A Wage Exemption Calculation form is attached to the writ of garnishment. You must use this form to calculate the amount of the Debtor's wages that is subject to garnishment. You should read the instructions printed on the Wage Exemption Calculation form to determine the normal wage exemption and the minimum wage exemption for each payment you make under the writ.

A Wage Exemption Calculation form must be sent with the first payment you make under the writ. For the 90-day period during which the writ is effective, you must also fill out and return a Wage Exemption Calculation form with a subsequent payment any time the initial calculation changes. Finally, you must fill out and return a Wage Exemption Calculation form with the final payment that you make under the writ.

Payment of amount subject to garnishment. Payments under the writ must be made at the following times, unless the amount owing on the judgment or other debt is fully paid before the final payment is made or the writ is released:

(a)    You must make a payment to the Garnishor of all wages subject to garnishment at the time you next pay wages to the Debtor. Complete the wage exemption computation, using the Wage Exemption Calculation form, to determine the portion of the Debtor's wages that is subject to garnishment. Be sure to adjust the minimum exemption amount for any payment that covers less than a full pay period. You must include a copy of the Wage Exemption Calculation form with this first payment.

> Example 2: Using the facts given in Example 1, when you next make any payment of wages to Debtor A after you receive the writ on July 17, you must complete the Wage Exemption Calculation form and send the form to the Garnishor along with all amounts determined to be subject to garnishment that are attributable to the period covered by the payment. If you pay Debtor A on August 1, the payment will be for all wages attributable to the period beginning July 1 and ending July 31.

(b)    Unless the writ of garnishment is satisfied or released, during the 90-day period following the date you received the writ, you must pay to the Garnishor all wages that are determined to be subject to garnishment whenever you issue a paycheck to the Debtor. If the Debtor is paid on a weekly basis, you must make payment under the writ on a weekly basis. If the Debtor is paid on a monthly basis, you must make payment under the writ on a monthly basis. If the amount paid to the Debtor varies from paycheck to paycheck, or changes at any time from the amount being paid at the time the writ was delivered to you, you must perform a new wage exemption computation to determine the amount of wages subject to garnishment

**INSTRUCTIONS TO GARNISHEE- 3**

1075089

**BARKER·MARTIN, P. S.**
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

under the writ. You must send a copy of the new Wage Exemption Calculation form with your payment to the Garnishor.

> Example 3: Using the facts given above, as you make each subsequent payment of wages to Debtor A you must make a payment of that portion of the Debtor's wages that are subject to garnishment. If you continue to pay Debtor A on the first of each month, payments must be made on September 1 and October 1.

(c)    Upon the expiration of the 90-day period, you must make a final payment to the Garnishor for all wages that were owing to the Debtor for the work performed by the Debtor through the 90th day following your receipt of the writ. This payment may be made at the time of the Debtor's next paycheck. You will need to complete another Wage Exemption Calculation form to determine the amount of the wages subject to garnishment.

> Example 4: Using the facts given above, you must make a final payment for the wages owing to Debtor A for the period beginning October 1 and ending October 15. You may make this payment at the time you issue Debtor A's paycheck on November 1, but you must make the payment at any time you issue a paycheck to Debtor A after October 15. Be sure that in completing the wage exemption computation for the final payment you adjust the minimum exemption amount to take into account the fact that the period covered is only 15 days of the full month (see instructions on Wage Exemption Calculation form).

Processing Fee: You may collect a $2 processing fee for each week of wages, or fraction of a week of wages, for which a payment is made under the writ. The fee must be collected after you make the last payment under the writ. The fee must be withheld from the wages of the debtor, and is in addition to the amounts withheld for payment to the garnishor under the writ or under any other writ you have received.

If you receive more than one writ of garnishment. If you receive a second writ of garnishment for the same Debtor from another Garnishor, the first writ will have priority for wages. The priority of the first writ lasts for the 90-day period following delivery of that writ to you, or until the first writ is paid in full, whichever comes first. In your response to the second writ, you must put a check by the appropriate statement in Part II and indicate the date on which the first writ will expire (90 days after the date you received the writ). You should make no payments under the second writ until expiration of the first writ. The expiration date of the second writ is 90 days after the date you received the second writ; the expiration date is not affected by any delay in payment attributable to the priority of the first writ.

## STEP 2. DELIVER THE GARNISHEE RESPONSE.

You must deliver your Garnishee Response and copies of the response in the manner provided in this step. The response and copies may be mailed or delivered personally.

You must complete and deliver the Garnishee Response within seven calendar days after you receive the writ of garnishment. If the seventh calendar day is a Saturday, Sunday or legal holiday, you must deliver your response on or before the next following day that is not a Saturday, Sunday or legal holiday.

If you are required to hold any property under the writ or make any payment under the writ, either at the time of making your response or later, you must:

(a)    Send the original of your Garnishee Response to the Garnishor at the address indicated on the writ under Important Addresses.

(b)    Send a copy of your Garnishee Response to the court administrator at the address indicated on the writ under Important Addresses.

(c)    Send a copy of your Garnishee Response to the Debtor if an address is indicated on the writ under Important Addresses.

INSTRUCTIONS TO GARNISHEE- 4

1075089

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

If you are not required to hold any property under the writ or make any payment under the writ, either at the time of making your response or later, you must:

(a)    Send the original of your Garnishee Response to the Garnishor at the address indicated on the writ under Important Addresses.

(b)    Send a copy of your Garnishee Response to the Debtor if an address is indicated on the writ under Important Addresses.

## STEP 3. DELIVER THE FUNDS OR OTHER PROPERTY.

As long as the writ is in effect, you may be liable to the Creditor if you pay any debt or turn over any property to the Debtor except as specifically allowed by law. If you have any money or property of the Debtor in your possession, control or custody at the time of delivery of the writ, or owe any debt to the Debtor, you must pay the money or hold the property as required by this step. Exceptions to this requirement are listed below.

IF YOU ARE HOLDING MONEY FOR THE DEBTOR OR OWE A DEBT THAT IS CURRENTLY DUE, you must pay the money to the Garnishor with your response. You must send your payment to the Garnishor at the address indicated on the writ under Important Addresses. Make your check payable to the Garnishor.

IF YOU OWE A DEBT TO THE DEBTOR THAT WILL BECOME DUE WITHIN 45 DAYS AFTER THE DATE YOU RECEIVED THE WRIT, you must send your payment directly to the Garnishor at the address provided in the writ when the debt becomes due. Make your check payable to the Garnishor.

IF YOU ARE HOLDING PROPERTY THAT BELONGS TO THE DEBTOR, OR OWE A DEBT TO THE DEBTOR THAT WILL NOT BECOME DUE WITHIN 45 DAYS AFTER THE DATE YOU RECEIVED THE WRIT, you must keep the property or debt in your possession, control or custody until you receive written notice from the Sheriff. The Sheriff's notice will tell you what to do with the property or debt. If you have followed all of the instructions in the writ and you receive no notice from the Sheriff within 30 days after the date on which you delivered your Garnishee Response, you may treat the writ as being of no further force or effect.

## EXCEPTIONS:

1.  Challenge to garnishment or specific directions from court. If you are making any payments under the garnishment and before making a payment you receive notice of a challenge to the garnishment from the court, or receive a specific direction from the court to make payments to the court, you must send or deliver the payment directly to the court administrator. If the money is currently due when you receive the notice, send the payment promptly to the court. If the payment is for a debt that is payable within 45 days after you receive the writ, make the payment to the court promptly when it becomes due. If you make payment by check, make the check payable to the State of Oregon. Because you may be liable for any payment that does not reach the court, it is better not to send cash by mail.

A challenge to the garnishment does not affect your duty to follow the instructions you receive from the Sheriff for property that belongs to the Debtor and debts that you owe to the Debtor that do not become due within 45 days.

2.  Previous writ of garnishment. If you receive a second writ of garnishment for the same Debtor from another Garnishor, the first writ will have priority and you need not make payments or deliver property under the second writ to the extent that compliance with the first writ will reduce or eliminate the payment of money or delivery of property that you would otherwise make under the garnishment. You must still deliver a Garnishee Response to the second writ, and must commence payment under the second writ as soon as the first writ is satisfied or expires.

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1

3. Offset for payment of underlying lien. If you owe a debt to the Debtor and the Debtor owes a debt to the holder of an underlying lien on your property, you may be able to offset the amount payable to the underlying lienholder. See ORS 18.620.

2

3

4. Subsequent events:

(a) Bankruptcy. If you make your response and then discover that a voluntary or involuntary bankruptcy petition has been filed by or on behalf of the Debtor after the judgment was entered against the Debtor or after the debt otherwise became subject to garnishment (see date in writ), you may not make any further payments or delivery of property under the writ unless the court orders otherwise. If you have not delivered all property that is subject to garnishment under this writ when you discover that a bankruptcy petition has been filed, you must mail the following notice to the Garnishor and to the Debtor.

(b) Order to withhold income. If you make your response and then receive an order to withhold income that has priority over the writ, you may make payments or deliver property under the writ only after payment of the amounts required under the order to withhold income. If you have not delivered all property that is subject to garnishment under this writ when you receive an order to withhold income that has priority, you must mail the following notice to the Garnishor and to the Debtor.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INSTRUCTIONS TO GARNISHEE- 6**

1075089

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1
2
3
4
5
6

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MULTNOMAH**

7

8  KEVIN STRANGE AND RACHEL
   LARSON-STRANGE, individuals,

9              Claimants,

10       vs.

11  BRIDGE CITY CONSTRUCTION, LLC, an
    Oregon limited liability company, and

12  JUSTIN CHARLES DAWSON, an
    individual,

13

14              Respondents.

NO. 17CV44525

ASP FILE NO. 170202

**WAGE EXEMPTION
CALCULATION FORM**

**(To be filled out by <u>employers only</u>)**

15

<u>**WAGE EXEMPTION CALCULATION**</u>

16  1.    Debtor's gross wages for period covered
          by this payment .................................................... $_____

17  2.    Total amount required to be withheld by
          law for amount in Line 1 (Federal and state

18        withholding, Social Security, etc.) .......... $_____

19  3.    Debtor's disposable wages
              (Subtract Line 2 from Line 1).................. $_____

20  4.    Normal exemption (Enter 75 percent
              of Line 3) ............................................... $_____

21  5.    Minimum exemption (check one)

          _____  $218 (payment of wages weekly)

22        _____  $435 (payment of wages every two weeks)
          _____  $468 (payment of wages half-monthly)

23        _____  $936 (payment of wages monthly)
          _____  $_____ (Any other period longer than one week, including partial payments for

24        less than full pay period) (Multiply $218 by number of weeks or fraction of a week)

      6.  Wages exempt from garnishment

25            (Line 4 or 5, whichever is greater) .......... $_____

      7.  Nonexempt wages

26            (Subtract Line 6 from Line 3)................. $_____

      8.  Amount withheld for this pay period pursuant to a support order

WAGE EXEMPTION CALCULATION FORM - 1

1075068

**BARKER·MARTIN, P. S.**
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1  under support withholding process or under
   another writ with priority ............................. $_____

2  9.    Wages subject to garnishment
        (Subtract Line 8 from Line 7).................. $_____

### INSTRUCTIONS FOR WAGE EXEMPTION CALCULATION FORM

If you employ the Debtor named in the writ of garnishment, you must fill out and return this Wage Exemption Calculation form. A Wage Exemption Calculation form must be sent with the first payment you make under the writ. For the 90-day period during which the writ is effective, you must also fill out and return a Wage Exemption Calculation form with a subsequent payment any time the initial calculation changes. Finally, you must fill out and return a Wage Exemption Calculation form with the final payment that you make under the writ.

**Normal wage exemption**. The wage exemption calculation is based on the amount of the payment you make under the writ of garnishment. The normal wage exemption in Line 4 is 75 percent of the employee's disposable wages in Line 3.

**Minimum wage exemption**. The minimum exemption in Line 5 is also based on the amount of the payment you are making. The minimum exemption is designed to ensure that an employee receives at least a certain minimum amount in any one-week period. If the payment is for a one-week period (without regard to whether the period is a calendar week or any other seven-day period), the minimum exemption is $218. The minimum exemption is $435 if the payment is for a two-week period. If the payment is for one-half of one month (i.e., the Debtor is paid twice each month), the minimum exemption is $468. The minimum exemption for a monthly payment is $936.

If the payment you are making is based on some period of time other than one week, two weeks, half month or month, and the payment is for more than one week, you must calculate the minimum exemption by multiplying $218 by the number of weeks covered by the paycheck, including any fraction of a week. You should round the amount calculated to the nearest dollar.

*Example 1: You pay Debtor A every 10 days. Each 10-day period is equal to 1.429 weeks (10 divided by 7). The minimum exemption is $312 ($218 x 1.429 rounded to the nearest dollar).*

You must use this same calculation for computing the minimum exemption when making a payment for less than a full pay period (e.g., for the final payment at the end of the 90-day period covered by the writ).

*Example 2: You pay Debtor A on a monthly basis. You are required to make a final payment under a writ of garnishment for the wages owing to Debtor A for the period beginning October 1 and ending October 15. This period is equal to 2.143 weeks (15 divided by 7). The minimum exemption is $468 ($218 x 2.143 rounded to the nearest dollar).*

The amount of time actually worked by the Debtor during the period covered by the paycheck does not affect the calculation of the minimum exemption.

*Example 3: You pay Debtor A on a weekly basis. Debtor A works two days per week. The minimum exemption is $218 for each weekly payment you make for Debtor A.*

If the payment you are making is based on a period of time less than one week, the minimum wage exemption may not exceed $218 for any one-week period.

If you receive more than one writ of garnishment for the same debtor, the writs have priority based on the date on which you receive them. If the full amount of wages subject to garnishment for a given pay period is paid on the first writ, you should not make any payment on subsequently received writs until the first writ expires. In some cases, it may be necessary to make payments on two or more writs for the same pay period.

WAGE EXEMPTION CALCULATION FORM - 2

1075068

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

*Example 4. You have received two writs of garnishment for Debtor A. You pay Debtor A on a monthly basis. The first writ expires on October 16. The second writ will not expire until November 15. You will need to prepare two wage exemption calculation forms for Debtor A's October wages and make payments under both writs. The wage exemption calculation form for the first writ will be for the wages attributable to October 1 to October 15 as described in Example 2. The wage exemption calculation form for the second writ will be for all wages for the month of October, but the amounts withheld under the first writ must be subtracted on Line 8 to determine the October wages subject to garnishment under the second writ.*

**WAGE EXEMPTION CALCULATION FORM – 3**

1075068

BARKER · MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MULTNOMAH**

KEVIN STRANGE AND RACHEL
LARSON-STRANGE, individuals,

        Claimants,

      vs.

BRIDGE CITY CONSTRUCTION, LLC, an
Oregon limited liability company, and
JUSTIN CHARLES DAWSON, an
individual,

        Respondents.

NO. 17CV44525

ASP FILE NO. 170202

**SUPPLEMENTAL GARNISHEE
RESPONSE**

**DEVELOPERS SURETY AND
INDEMNITY COMPANY**

TO:   The Garnishor and the Debtor

RE:   Writ of garnishment received _____, 20____ (date), in the case of KEVIN STRANGE AND RACHEL LARSON-STRANGE (Plaintiff) vs. BRIDGE CITY CONSTRUCTION, LLC and JUSTIN CHARLES DAWSON (Defendants), Circuit Court of Multnomah County, Oregon, Case No. 17CV44525.

The undersigned Garnishee furnished a Garnishee Response to this writ of garnishment on _____, 20____ (date). Since that time (check appropriate statement):

_____ I have discovered that a voluntary or involuntary bankruptcy petition has been filed by or on behalf of the Debtor after the judgment was entered against the Debtor or after the debt otherwise became subject to garnishment.

_____ I have received an order to withhold income of the Debtor by reason of a support obligation. Under ORS 25.375, the order to withhold income has priority over any other legal process under Oregon law against the same income. The withholding of income pursuant to the order to withhold income might reduce or eliminate subsequent payments under the garnishment. (Provide details, including the name of the agency serving the order to withhold, the date the order was served on you and the amounts to be withheld.)

SUPPLEMENTAL GARNISHEE RESPONSE- 1

1075250

**BARKER·MARTIN, P. S.**
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

1  Dated _____, 20____

2  _____

3  Name of Garnishee

4  Signature

5  _____

6  Address

### SPECIAL INSTRUCTIONS FOR BANKS
### AND OTHER FINANCIAL INSTITUTIONS

7

8        Unless a Notice of Right to Garnish Federal Benefits from the United States
Government or from a state child support enforcement agency is attached to or included in
9  the garnishment, you must conduct a garnishment account review for each account that you
hold for the debtor.  If a Notice of Right to Garnish Federal Benefits from the United States
10  Government or from a state child support enforcement agency is attached to or included in
the garnishment, you should not conduct a garnishment account review, and should
11  proceed upon the garnishment in a normal manner.

12        If you hold an account for the debtor, and any of the payments listed below has
been deposited in the account by direct deposit or electronic payment during the lookback
13  period described in ORS 18.619 (2) (the period that begins on the date preceding the date
of your garnishment account review and that ends on the corresponding date of the month
14  two months earlier, or on the last day of the month two months earlier if the corresponding
date does not exist), an amount equal to the lesser of the sum of those payments or the total
15  balance in the debtor's account is not subject to garnishment, and you may not deliver that
16  amount to the garnishor:

17        (a)    Federal benefit payments as defined in ORS 18.600 (payments from the
United States Social Security Administration, the United States Department
18               of Veteran Affairs, the United States Office of Personnel Management or
the Railroad Retirement Board);
19        (b)    Payments from a public or private retirement plan as defined in
20               ORS 18.358;
        (c)    Public assistance payments from the State of Oregon or an agency of the
21               State of Oregon;
        (d)    Unemployment compensation payments from the State of Oregon or an
22               agency of the State of Oregon;
23        (e)    Black lung benefits payments from the United States Department of Labor;
and
24        (f)    Workers' compensation payments from a workers' compensation carrier.

25
        If the Garnishor fails to pay the search fee required by ORS 18.790 and you do not
26  employ the Debtor, you are not required to deliver a Garnishee Response and you may deal
with any property of the Debtor as though the garnishment had not been issued.

SUPPLEMENTAL GARNISHEE RESPONSE-- 2

1075250

**BARKER·MARTIN, P. S.**
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

If the Debtor owes a debt to you that was due at the time you received the writ of garnishment, you may be able to offset the amount of that debt.  See ORS 18.795.  You must note that you have made the offset in Part I of the Garnishee Response (under "Other") and specify the amount that was offset.

Before making a payment under the writ, you may first deduct any processing fee that you are allowed under ORS 18.790. If you are required to conduct a garnishment account review, you may not charge or collect a processing fee against any amount that is not subject to garnishment, and may not charge or collect a garnishment processing fee against any amounts in the account after the date that you conduct the review.

You need not deliver any property contained in a safe deposit box unless the Garnishor pays you in advance for the costs that will be incurred in gaining entry to the box. See ORS 18.792.

If you are required to conduct a garnishment account review and you determine from the review that one or more of the payments listed in ORS 18.619 (3) have been deposited into the debtor's account by direct deposit or electronic payment during the lookback period described in ORS 18.619 (2), and that there is a positive balance in the account, you must issue a notice to the account holder in substantially the form set forth in section 10 of this 2011 Act. The notice must be issued directly to the account holder or to a fiduciary who administers the account and receives communications on behalf of the account holder. The notice must be sent separately to the account holder and may not be included with other materials being provided to the account holder that do not relate to the garnishment. You must send the notice to the account holder within three business days after you complete the garnishment account review. You may issue one notice with information related to multiple accounts of a single account holder.

SUPPLEMENTAL GARNISHEE RESPONSE- 3

1075250

BARKER·MARTIN, P. S.
1500 S.W. FIRST AVE., SUITE 980
PORTLAND, OR 97201
P: (503) 796-9806 • F: (503) 796-9807

US POSTAGE
$07.83⁰
First-Class
Mailed From 97204
05/02/2018
032A 0061817719

CERTIFIED MAIL

7015 1520 0000 7417 1870



BARKER • MARTIN, P. S.
ATTORNEYS
1500 SW First Avenue, Suite 980
Portland, OR 97201
(503) 796-9806

Developers Surety and Indemnity Company,
a subsidiary of Insco Insurance Services, Inc.
C/O Corporation Service Company
1127 Broadway Street NE, Suite 310
Salem, OR 97301

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused to be served a true and correct

copy of the foregoing GARNISHEE DEVELOPERS SURETY AND INDEMNITY

COMPANY'S NOTICE OF REMOVAL, via electronic transmission through the Court's

CM/ECF system, on:

> James L. Guse, OSB # 992730
> Email:  jguse@barkermartin.com
> BARKER MARTIN PS
> 1500 SW First Ave Ste 980
> Portland OR  97201
> Telephone:  (503) 796-9806 x157
> Facsimile:  (503) 796-9807
>
> Attorney for Plaintiffs/Garnishors

and via First Class U.S Mail, postage prepaid on

> Bridge City Construction LLC
> 7880 SW 74th Avenue
> Portland, OR 97223
>
> Defendant/Debtor
>
> DATED: June 1, 2018.

SMITH FREED & EBERHARD P.C.


By:  ___*s/ Chin See Ming*_____
    Jack Levy, OSB #933420
    E-mail: jlevy@smithfreed.com
    Chin See Ming, OSB #944945
    E-mail: cming@smithfreed.com
    Telephone:  (503) 227-2424

Attorneys for Garnishee Developers Surety
and Indemnity Company


CERTIFICATE OF SERVICE - Page i

299112

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KEVIN STRANGE and RACHEL LARSON-STRANGE | DEVELOPERS SURETY AND INDEMNITY COMPANY |

**(b)** County of Residence of First Listed Plaintiff   Multnomah
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
James L. Guse, OSB 992730   Barker Martin PS
1500 SW First Avenue Ste 980
Portland, OR 97201        503-796-9806

Attorneys *(If Known)*   Chin Seeming OSB 944945
Smith Freed & Eberhard, PC
111 SW 5th Avenue Suite 4300
Portland, OR 97204

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
   Plaintiff
- ☐ 3   Federal Question
   *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
   Defendant
- ☒ 4   Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
14 USC Section 1332(a)(1)

Brief description of cause:
Garnishment Proceeding

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   323,702.10

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE   06/01/2018

SIGNATURE OF ATTORNEY OF RECORD
S/ Chin See Ming

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____